UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS WILLIAMSINCLAIR RICHEY,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD WARNER, et al.,<br><br>Defendants. | CASE NO. C14-5159 BHS-JRC<br><br>ORDER THAT DEFENDANTS SHOW CAUSE WHY AN INJUNCTION SHOULD NOT BE ISSUED REGARDING THE AMOUNT OF FOOD SERVED TO PLAINTIFF |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff alleges that food is being used as punishment and that he is being "deprived of food that is attainable or served to level one inmates." (Dkt. 6, p. 4, Statement of Claim ¶ 6.) Plaintiff filed a motion for a temporary restraining order asking the Court to issue an order that would prevent defendants from using food deprivation as punishment (Dkt. 7, p. 1).

Although defendants argue that food is not being used as punishment, but rather that extra food is an additional privilege. (Dkt 12, p. 2). Defendants' response does not adequately address the issue (Dkt. 12). The issue is whether the restrictions of privileges is an added benefit for some, or a punishment for others. Defendants do not inform the Court, for instance, if

ORDER THAT DEFENDANTS SHOW CAUSE
WHY AN INJUNCTION SHOULD NOT BE
ISSUED REGARDING THE AMOUNT OF FOOD
SERVED TO PLAINTIFF - 1

1 plaintiff, as a level two inmate, is receiving adequate food to sustain his health.  Defendants do

2 not address plaintiff's contention that the incentive program violates plaintiff's Eighth

3 Amendment rights by depriving him of life's necessities.  Defendants depict the program as

4 providing "additional privileges." (Dkt. 12, p. 2) and concede that level one inmates have access

5 to JPay, food, telephones, and ice.  *Id*.  The implication from defendants' statement is that

6 inmates on level two do not have access to food.  Latter in the response defendants acknowledge

7 that plaintiff is alleging that he is being "deprived of the opportunity to purchase pizza, candy

8 canes, coca [sic], and cinnamon rolls." (Dkt. 12, p. 3)  Plaintiff also recounts a specific incident

9 where a cart was wheeled into the unit and level one inmates were allowed to obtain "extra

10 food," while level two inmates were allegedly not allowed to leave their cells (Dkt. 7, p. 2).

11       One of the Court's concerns is whether or not plaintiff is receiving an amount of food

12 adequate to maintain his health.  The briefing from the parties does not address this issue at all.

13 The Court is liberally interpreting the complaint and motion.  Plaintiff may be claiming that he is

14 not receiving adequate nutrition.  Defendants are ordered to show cause within seven days of this

15 order why a Report and Recommendation to grant plaintiff injunctive relief should not be issued.

16       The Court on its own motion re-notes plaintiff's motion for a temporary injunction, (Dkt.

17 7), for April 25, 2014.

18       Dated this 11th day of April, 2014.

J. Richard Creatura
United States Magistrate Judge

ORDER THAT DEFENDANTS SHOW CAUSE
WHY AN INJUNCTION SHOULD NOT BE
ISSUED REGARDING THE AMOUNT OF FOOD
SERVED TO PLAINTIFF - 2