UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS WILLIAMSINCLAIR RICHEY,

Plaintiff,

v.

BERNARD WARNER, STEVEN SINCLAIR, LISA OLIVER-ESTES, SCOTT FRAKES.

Defendants.

CASE NO. C14-5159 BHS-JRC

ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Defendants filed a motion to dismiss the action as frivolous and asked the Court to issue plaintiff a strike pursuant to 28 U.S.C. 1915(g) (Dkt. 13). Plaintiff has responded (Dkt. 19). The Court is converting defendants' motion to a motion for summary judgment because the defendants are challenging the veracity of plaintiff's complaint and not the sufficiency of the pleading.

In their motion to dismiss defendants reference plaintiff's motion for temporary injunctive relief and the responses and replies to that motion (Dkt. 13, pp. 5, 7). When considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a court does not normally look outside the pleadings unless the document or information being offered is incorporated by referenced in the complaint and the document's authenticity is not in question. *Dunn v. Castro*, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Neither the motion for a temporary restraining order nor the information that was submitted in response to the motion were incorporated by reference into the complaint (Dkt. 6).

Defendants' reference to this information is material to defendants' motion because it shows that plaintiff filed his action challenging the Earned Incentive Program knowing that he receives the same three meals a day as other inmates and knowing that his action really addressed only extra food (Dkt. 18). Plaintiff did not state that the action addressed only extra food in the complaint. In the complaint when describing the Earned Incentive Program plaintiff stated "[f]ood deprivation is used under the EIP as punishment, Prisoners on Level-2 are deprived of food that is attainable or served to Level-1 prisoners." (Dkt. 6, p. 3).

The materials outside the pleadings also address plaintiff First Amendment claim that his access to a computer system called "JPay" and his access to telephones was "restricted." (Dkt. 6, p. 3). In the materials regarding the motion for temporary restraining order, defendants made clear that plaintiff has access to the computer system and telephone system when they stated "Inmates on Level II status have access to JPay, food, telephones, and ice." (Dkt. 12, p. 2).

In order for the Court to consider the information from the motion for injunctive relief, defendants' motion to dismiss must be converted to a motion for summary judgment. .For over

fifty years, this has been the proper procedure for consideration of statements, affidavits, and materials outside the pleadings. *Suckkow Borax Mine Consolidated v. Borax Consolidated*, 185 F.2d 196, 205 (9th Cir. 1951) (discussing converting a motion when matters outside the pleadings are submitted). The Supreme Court did not alter this area of the law with the decision in *Aschroft v. Iqbal*, 556 U.S. 662 (2009). Instead, the Court in *Iqbal* clarified that the complaint must be supported by well pled factual allegations. *Id.* at 679. In their motion to dismiss, defendants infer that the Court does not need to accept plaintiff's allegations as true (Dkt. 13, p. 3) (citing *Sprewell v. Golden State Warriors*, 266 f.3d 978, 988 (9th Cir. 2001). *Sprewell* sets forth an exception to the normal rule regarding motions to dismiss, in this the court stated:

> Review is limited to the contents of the complaint. *See Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir.1998). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See id*. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr.Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987). Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999).

*Sprewell,* 266 F.3d at 988.

Defendants argue that there is an exception when the factual allegation in the complaint is an unwarranted deduction of fact or an inference that is unreasonable "in light of the information provided in the complaint." (Dkt. 13, p. 3). The Supreme Court addressed this issue in *Iqbal* as well:

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks

ORDER CONVERTING DEFENDANTS' MOTION
TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT - 3

> a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal*, 556 U.S. at 678 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007). Plaintiff set forth allegations -- not simply conclusions (Dkt. 6). Defendants' motion challenges the veracity of plaintiff's allegations and not the sufficiency of the complaint. Fed. R. Civ. P. 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Court converts defendants' motion to dismiss into a motion for summary judgment. Defendants' will have until July 11, 2014 to submit additional material. Plaintiff has until July 25, 2014 to respond. Any reply that defendants file will be due on or before August 8, 2014. At that time, the Court will consider whether or not plaintiff's action is frivolous or malicious. The Clerk's Office is instructed to remove the April noting date for the motion to dismiss, Dkt. 13, and re-note the matter for August 8, 2014.

Dated this 17th day of June, 2014.

_____
J. Richard Creatura
United States Magistrate Judge