1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

THOMAS WILLIAM SINCLAIR
RICHEY,

CASE NO. C14-5159 BHS-JRC

13

Plaintiff,

REPORT AND RECOMMENDATION

14

v.

NOTED FOR:
OCTOBER 31, 2014

15

BERNARD WARNER, STEVEN
SINCLAIR, LISA OLIVER-ESTES,
and SCOTT FRAKES,

16

17

Defendants.

18

19

The District Court has referred this 42 U.S.C. § 1983 civil rights action to the Magistrate

20

Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B), Fed. R. Civ. P. 72,

and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

21

22

Defendants filed a motion to dismiss this action and give plaintiff a strike pursuant to 28

23

U.S.C. § 1915(g) (Dkt. 13).  The Court converted the motion to a motion for summary judgment

24

so it could consider documents filed in connection with plaintiff's motion for injunctive relief

1    (Dkt. 26).  These documents show that plaintiff receives the same three meals a day that all

2    inmates receive.  Thus, plaintiff's allegations regarding food involve only extra food that is

3    available to certain inmates because of the Washington State Penitentiary's Earned Incentive

4    Program (Dkt. 7, 12, 18 and 20).  Both parties have also submitted additional briefing (Dkt. 28,

5    29, and 30).  After review of the entire record, the Court recommends granting defendants'

6    motion for summary judgment, but declining to give plaintiff a strike for filing this action.

7    Review of plaintiff's litigation history discloses that he now has more than three strikes and there

8    is no reason for the Court to impose another one.  *See Richey v. Gonzalez,* 14-5236 (Dkt. 17,

9    Report and Recommendation, p. 5 (outlining five prior strikes)).

10                                                    FACTS

11          Prison officials demoted plaintiff to close custody and transferred him to the Washington

12   State Penitentiary after they found him guilty of violating WAC 137-25-030(607) (refusing to

13   submit to a urinalysis test) (Dkt. 6, p. 4).  Plaintiff does not contest the infraction, his demotion

14   to close custody, or his transfer to the Penitentiary.

15          Plaintiff challenges the Penitentiary's Earned Incentives Program, which is a

16   classification program (Dkt.6, p. 4).  Close custody inmates at the Penitentiary are placed on

17   level 2 when they arrive at the Penitentiary and must earn a promotion to level 1 (Dkt. 12-1 p. 9

18   of 11, Section VIII).  At either level, inmates are given the same three meals a day and some

19   opportunity to purchase additional food items. However, inmates on level 1 have more

20   opportunity to purchase special extra food items such as candy or sweets (Dkt. 6, p. 4; Dkt. 20. p.

21   1).  All inmates also have access to telephones, JPay, kiosks and ice machines. But, again,

22   inmates on level 1 have greater access to these items than inmates on level 2 (Dkt. 6, p. 3).

23   Plaintiff concedes that he receives the basic three meals a day that all inmates are served (Dkt.

24

1  20, p. 1).  Plaintiff also implies that he receives the other amenities when he states that he has

2  "restricted access" to these items (Dkt. 6, p. 4).

3       During the initial phase of the preliminary injunction motion, it was not clearly stated by

4  either side whether or not plaintiff received three meals a day or food adequate to sustain him.

5  Eventually, defendants provided evidence that all inmates receive the same three meals a day,

6  and the Earned Incentive Program only addressed extra privileges, and plaintiff has not

7  submitted admissible evidence to controvert these facts.  Therefore, defendant's motion for

8  summary judgment should be granted.

9                         STANDARD OF REVIEW

10      Summary judgment is appropriate if "the pleadings, the discovery and disclosure

11 materials on file, and any affidavits, show that there is no genuine dispute as to any material fact

12 and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is a

13 genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to

14 find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see*

15 *also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

16 1987).  The moving party is entitled to judgment as a matter of law if the nonmoving party fails

17 to make a sufficient showing on an essential element of a claim on which the nonmoving party

18 has the burden of proof.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1985); *Anderson*, 477

19 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive

20 evidentiary burden").  When presented with a motion for summary judgment, the court shall

21 review the pleadings and evidence in the light most favorable to the nonmoving party.

22 *Anderson*, 477 U.S. at 255 (*citing Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 158-59 (1970)).

23

24

REPORT AND RECOMMENDATION - 3

1   Conclusory, nonspecific statements in affidavits are not sufficient; and, the court will not

2   presume "missing facts." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

3                                    DISCUSSION

4        1.      Due Process.

5        Plaintiff alleges that the Earned Incentive Program violates his rights to due process

6   because he was "arbitrarily classified to level 2."  (Dkt. 6, p. 4).  An inmate has no liberty

7   interest in being placed in any specific prison or at any specific custody level.  *Olim v*

8   *Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976);

9   *Montanye v. Haymes*, 427 U.S. 236, 243 (1976).  As there is no liberty interest at stake, holding

10  plaintiff at a higher custody level does not violate any right or duty owed to him.  Thus, plaintiff

11  has no liberty interest in his classification level and classifying him as a level 2 inmate does not

12  require notice or an opportunity to be heard.

13       Plaintiff argues that there is mandatory language in WAC 137-28-370(2) that grants him

14  a liberty interest in food not being used as punishment (Dkt. 19, p. 5).  Courts no longer comb

15  through state statutes or rules to find liberty interests in mandatory or permissive language. The

16  test is whether plaintiff is being subjected to conditions that impose atypical and significant

17  hardship on the inmate in relation to the ordinary incidents of prison life.  *Sandin v. Connor*, 515

18  U.S. 472, 484 (1995).  Plaintiff fails to show that he is not receiving adequate nutrition.

19  Accordingly, the Court recommends granting defendants' motion for summary judgment on this

20  portion of the complaint.

21       2.      Equal protection.

22       Plaintiff also alleges that defendants violated his right to equal protection under the

23  Fourteenth Amendment because he is not treated the same as inmates at Clallam Bay Corrections

24

1    Center or inmates at the Penitentiary who are on level 1 (Dkt. 6 p. 4).  Again, plaintiff has no

2    right to be held in any particular prison or at any particular custody level.  *Hewitt v. Helms*, 459

3    U.S. 460, 467-68 (1983), *overruled on other grounds*, *Sandin v. Conner*, 515 U.S. 472, 473

4    (1995); *Olim v. Wakinekona*, 461 U.S. 238 (1983).  This is true even if the transfer results in a

5    "grievous loss." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Further, the equal protection

6    clause does not require that conditions or practices at different facilities be identical.  *Cooper v.*

7    *Elrod*, 622 F. Supp. 373 (N.D. Ill. 1985).  The United States Supreme Court has observed that

8    "showing that different persons are treated differently is not enough without more, to show a

9    denial of Equal Protection." *Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218,

10    230 (1964).  Plaintiff must demonstrate that he was "treated differently [. . .] because he

11    belonged to a protected class." *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995), (*citing*

12    *Divers v. Department of Corr.*, 921 F.2d 191, 193 (8th Cir. 1990)).  Plaintiff does not contend

13    that he belongs to any protected class.  Therefore, the Court recommends granting defendants'

14    motion for summary judgment on this portion of the complaint.

15         3.      Eighth Amendment food deprivation claim.

16         Plaintiff alleges that defendants violated his Eighth Amendment right to be free from

17    cruel and unusual punishment because food deprivation is used as punishment (Dkt. 6, p. 4).

18    Defendants provide information showing that the Earned Incentives Program only provides

19    additional privileges, all inmates receive the same basic necessities (Dkt. 12, p. 2).  Defendants

20    state that even inmates at level 2 receive access to JPay, food, telephones, and ice (*Id.*).  In

21    response to the Court's order to show cause why injunctive relief should not be issued,

22    defendants clarified that "inmates at level 2 are provided with food, access to JPay, and

23    telephone: they are not denied any privileges." (Dkt. 18, p. 2).  Further, both groups of inmates,

24

REPORT AND RECOMMENDATION - 5

1    those on level 1 and those on level 2 are provided with the same meals (*id.*).  However, inmates

2    on level 1 can participate in charity food fundraisers four times a year while inmates at level 2

3    only participate two times a year (*id.*).  In addition, inmates at level 1 receive privileges like

4    popcorn night or the ability to purchase coca, pizza, and candy canes (*id.*; *see also* (Dkt. 12, p.

5    5).

6         The Ninth Circuit has held that:

7         The Eighth Amendment requires only that prisoners receive food that is adequate
          to maintain health; it need not be tasty or aesthetically pleasing. *Cunningham v.*
8         *Jones*, 567 F.2d 653, 659–60 (6th Cir.1977). "The fact that the food occasionally
          contains foreign objects or sometimes is served cold, while unpleasant, does not
9         amount to a constitutional deprivation." *Hamm v. DeKalb County*, 774 F.2d 1567,
          1575 (11th Cir.1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d
10        894 (1986).

11   *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).  In response to defendants' motion for

12   summary judgment, plaintiff concedes that he receives three meals a day, but he generally

13   complains that the food is of poor quality. Plaintiff fails to submit anything other than conclusory

14   allegations that the nutritional quality of the food is diminished (Dkt. 20, p. 1).  Plaintiff presents

15   no evidence that he is not being served food adequate to maintain his health.  Further, plaintiff's

16   conclusory allegations regarding the food are insufficient to defeat summary judgment.  The

17   moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a

18   sufficient showing on an essential element of a claim on which the nonmoving party has the

19   burden of proof.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1985); *Anderson*, 477 U.S. at

20   254 ("the judge must view the evidence presented through the prism of the substantive

21   evidentiary burden").  Conclusory, nonspecific statements in affidavits are not sufficient; and,

22   the court will not presume "missing facts." *Lujan v. National Wildlife Federation*, 497 U.S. 871,

23   888-89 (1990).  Plaintiff fails to present evidence to support his claim or preclude summary

24

1  judgment.  Accordingly, the Court recommends granting defendants' motion for summary

2  judgment on this portion of the complaint.

3          4.      First Amendment right to use electronic mail.

4          Plaintiff alleges that his First Amendment Right to send and receive mail is violated by

5  restricting his access to "e-mail" communications (Dkt. 6, p. 4).  Nearly twenty years ago the

6  Ninth Circuit addressed a similar claim concerning telephones and held that the claim was

7  insufficient where the inmate failed to specify if the denial was total, partial, or occasional.

8  *Keenan v. Hall*, 83, F.3d 1083, 1092 (9th Cir. 1996).  Here, plaintiff admits that he has access to

9  e-mail.  Plaintiff states that he can access JPay "a few times a week."  (Dkt. 29, p. 8 Affidavit of

10  Richey ¶ 5).  The fact that another inmate who has been promoted to level 1 has greater access is

11  irrelevant.  Plaintiff fails to present admissible evidence to show his rights have been

12  unconstitutionally curtailed.  The Court recommends granting defendants motion for summary

13  judgment on this portion of the complaint.

14          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

15  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

16  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

17  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

18  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

19  October 31, 2014, as noted in the caption.

20          Dated this 3rd day of October, 2014.

21

22          J. Richard Creatura
            United States Magistrate Judge

23

24